Ruben **DEANDA**, Plaintiff–Appellee,

v.

**SAVINGS INVESTMENT, INC.**, a California corporation; **Del Taco, Inc.**, a California corporation, Defendants–Appellants,

and

Does 1–10, Defendant.

No. 06–55881.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed Feb. 22, 2008.

Mark D. Potter, Russell C. Handy, Esq., Center for Disability Access, LLP, San Marcos, CA, for Plaintiff–Appellee.

Scott J. Ferrell, Esq., Lisa A. Wegner, Esq., David R. Sugden, Esq., Call Jensen & Ferrell, Newport Beach, CA, for Defendants–Appellants.

Before: HALL, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM *

In this action under Title III of the Americans with Disabilities Act of 1990 and the California Unruh Civil Rights Act, Defendants Del Taco, Inc. and Savings Investment, Inc. (collectively "Del Taco") appeal an award of $73,693.50 in attorney's fees in favor of Plaintiff Ruben Deanda. Del Taco contends that the district court should have reduced or eliminated the fee award because Deanda (1) failed to give Del Taco pre-filing notice and an opportunity to cure the alleged barriers to access at the restaurant in question, and (2) rejected Del Taco's early settlement offer. We review for abuse of discretion, *Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir.2003), and affirm.

First, pre-filing notice is not a prerequisite for attorney's fees in ADA actions. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 844–45 & n. 13 (9th Cir.2007) (per curiam). Nor was any lack of notice a basis for reducing fees in this case. Even if Del Taco would have fixed its doors and tables upon request, it does not contend that it would also have paid Deanda statutory damages, which he legitimately sought under California law. Cal. Civ.Code § § 51(f), 52(a). Indeed, at the time Deanda sued, it appeared well-settled that his Unruh Act claims qualified for $4,000 in statutory damages for each time he encountered an architectural barrier that denied him equal access to the restaurant. *See Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847–49 (9th Cir.2004); *see also Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir.2000) (Unruh

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Act statutory damages do not require actual damages).[1] But as the parties' negotiations demonstrated, it was only through litigation and a successful summary judgment motion that Deanda forced Del Taco to more than triple its initial settlement offer, from $5,501 to $18,250. So, contrary to Del Taco's contention, the purported lack of pre-filing notice did not lead to unnecessary litigation, and any inefficiency resulting from Deanda's somewhat vague complaint could have been redressed through normal procedures. *See, e.g.,* Fed.R.Civ.P. 12(e) (motion for a more definite statement).

■ Moreover, it is not strictly accurate that no notice was given. Deanda asked employees at the restaurant site to look into fixing the doors on more than one occasion. This put Del Taco on notice that at least some parts of the restaurant were inaccessible, and should have triggered an investigation of the restaurant's other features. More importantly, Del Taco did not fix the doors prior to Deanda's filing of the case, despite the request to do so. There is therefore no reason to believe that pre-filing notice about the other barriers to access would have led to their being remedied prior to filing. Accordingly, the district court did not abuse its discretion by discounting Del Taco's pre-filing notice argument.

■ Neither should fees have been reduced because Deanda rejected the early settlement offer. Del Taco calls this offer a "Rule 68 offer of judgment," referring to the rule that a plaintiff must pay the *costs* incurred after a settlement offer if the plaintiff rejects it and then goes on to recover less. *See* Fed.R.Civ.P. 68. The district court properly concluded that Rule 68 itself did not defeat Deanda's eligibility for *fees*, as neither the ADA nor the Unruh Act defines "costs" to include attorney's fees. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52; *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1059 (9th Cir.2001). Del Taco concedes that this ruling was correct. However, it argues that the district court still should have considered *reducing* the award on the ground Deanda unnecessarily prolonged litigation by rejecting the early settlement.

Del Taco's argument fails under the analysis of the principal case upon which it relies, *Moriarty v. Svec,* 233 F.3d 955 (7th Cir.2000). In *Moriarty,* the Seventh Circuit held that: "*Substantial* settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." *Id.* at 967 (emphasis added). But Del Taco's early offer was not "substantial" because it was not "roughly equal" to Deanda's eventual settlement—the settlement more than tripled the initial offer. *See id.* While Del Taco argues that it offered more relief in its initial settlement because it offered to repair even ADAAG defects that Deanda

1. As Del Taco notes, *Lentini* was rejected to some degree by *Gunther v. Lin,* which held that claimants seeking the $4,000 statutory damages for Unruh Act violations must show "intentional discrimination" rather than mere "technical violations" of the ADA Accessibility Guidelines ("ADAAG") standards. 144 Cal. App.4th 223, 50 Cal.Rptr.3d 317, 323–24 (Ct. App.2006). However, *Gunther* does not help Del Taco here. Perhaps most important, *Gunther* was issued after Deanda filed suit, and so it has no bearing on whether his litigation could have been avoided with a pre-filing notice. Further, the *Gunther* court strongly suggested that the violations Deanda alleged here—inaccessible doors and tables—could qualify for the $4,000 statutory damages because they were "so intuitive and obvious ... that it would be hard to believe that noncompliance with them could be other than intentional." *Id.* at 321 (footnote omitted).

lacked standing to challenge, it does not detail what those defects were, or explain why their repair would have such value to Deanda that continuing litigation was unreasonable.

Accordingly, the district court did not abuse its discretion in declining to reduce the fee award due to either the purported lack of pre-filing notice or Deanda's rejection of the early settlement offer.

AFFIRMED.